■ NEIL L. WICHARD, Appellant-Respondent, v BEAR MILL MANUFACTURING Co., INC., et al., Respondents-Appellants.— Order, Supreme Court, New York County (Francis N. Pecora, J.), entered on or about May 11, 1990, which denied defendant Zimmerman's motion for summary judgment dismissing the complaint as against the estate of Martin Zimmerman and for dismissal of the second, third and fourth causes of action of the amended complaint, and denied plaintiff's cross motion for summary judgment on the first cause of action, unanimously affirmed, without costs or disbursements.

Plaintiff, a former employee of defendant Bear Mill Manufacturing Co., Inc., commenced the underlying action for breach of contract and fraud against the corporate defendant and the estate of its former president, Martin Zimmerman, claiming entitlement to severance pay and a portion of the corporate defendant's pretax profits pursuant to a May 7, 1984 employment agreement between the parties, which bore the signature of the decedent, both individually and in his capacity as president of Bear Mill. Pursuant to the agreement, in the event plaintiff were terminated without cause, he would receive his base salary for 24 months in addition to a percentage of the corporate defendant's pretax profits.

It appears that on or about May 1, 1989, plaintiff's employment with the corporate defendant was terminated by the decedent. Plaintiff received severance pay for approximately six months thereafter until the decedent's death when he was notified by defendant Phyllis Zimmerman, both as executrix of the decedent's estate and as secretary of the corporate defendant, that plaintiff had been terminated and his severance pay discontinued pursuant to paragraph 2 (b) of the employment agreement, which provided, *inter alia,* that plaintiff would not

receive severance pay if terminated for certain specified causes, and demanding that plaintiff return the severance payments already received.

Summary judgment dismissal of the complaint against the estate was properly denied since there is, at a minimum, a question of fact as to whether the decedent and, in turn, his estate, is personally liable for corporate obligations, including severance pay, based upon his signature in his individual, as well as representative capacity on the parties' employment agreement. All the obligations called for thereunder to plaintiff are those of the corporate defendant, not decedent. His only obligation appears to be under paragraph "Fifth (B) (1)", which required him to make a 15% payment to plaintiff of any profit he made under certain specified sales of stock of the corporate defendant.

Similarly, the IAS court properly determined that the automatic stay provision of 11 USC § 362 is a bar to plaintiff's pursuit of his claims against the corporate defendant. We also find that plaintiff's fourth cause of action of the amended complaint pleaded the elements of a fraud claim with the requisite specificity. *(See,* CPLR 3016 [b]; *generally, Brown v Lockwood,* 76 AD2d 721.)* Concur—Murphy, P. J., Sullivan, Carro, Milonas and Rubin, JJ.