■ SAVOY BANK, Appellant, v NORTH AMERICA RECYCLING, INC., et al., Respondents. [33 NYS3d 734]—

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered on or about January 15, 2016, which, to the extent appealed from, denied plaintiff's motion for summary judgment as against defendant Saurabh Aggarwal, unanimously reversed, on the law, with costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

The note and loan agreement reflect defendant Saurabh Aggarwal's clear and unambiguous intent to be personally liable for repayment thereunder (*see PNC Capital Recovery v Mechanical Parking Sys.*, 283 AD2d 268, 270 [1st Dept 2001], *lv dismissed* 96 NY2d 937 [2001], *appeal dismissed* 98 NY2d 763 [2002]; *Wichard v Bear Mill Mfg. Co.*, 169 AD2d 527 [1st Dept 1991]). While Aggarwal did not execute a separate personal guaranty of defendant North America Recycling's performance under the note and loan agreement, the terms of those agreements establish that he and the corporation are jointly and severally liable as "Borrowers" thereunder. Where the parties sought to distinguish Aggarwal from North America Recycling, they referred to "Individual Borrower" and "Corporate Borrower," respectively. Moreover, the obligations under the agreements are imposed on Aggarwal as well as North America Recycling. For instance, Aggarwal, who is included in the definition of "Borrower," agreed to repay the sums due under the note and loan agreement, and agreed to provide his individual tax returns and other financial disclosures with an affidavit attesting to their truth. He also agreed to a lien against his individual property, including an insurance policy on his life. In this context, we note that Aggarwal signed the note and the loan agreement in both his individual capacity and his capacity as president of North America Recycling (*see*

*150 Broadway N.Y. Assoc., L.P. v Bodner*, 14 AD3d 1, 7 [1st Dept 2004]). Concur—Mazzarelli, J.P., Renwick, Moskowitz, Gische and Gesmer, JJ.